UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL TERRILL FAIRCLOTH,

    Petitioner,

v.                                    Case No:  2:16-cv-217-FtM-29MRM
                                        Case No. 2:06-CR-117-FTM-29MRM

UNITED STATES OF AMERICA,

    Respondent.

_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #61)[1] filed on March 18, 2016. The government filed an Amended Response to motion (Cv. Doc. #8) on May 24, 2016. The Court appointed the Federal Public Defender's Office to represent petitioner pursuant to Omnibus Order in Re: Amendment 782, United States Sentencing Guidelines, 6:14-mc-78-ACC (Cv. Doc. #10), and on July 13, 2016, an Order (Cv. Doc. #11) was issued by Chief Judge Steven D. Merryday setting a uniform schedule for briefing in the

---

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

case. In light of the following Opinion and Order, the briefing schedule is deemed moot.[1]

On May 2, 2007, pursuant to a Plea Agreement (Cr. Doc. #39), defendant entered a plea of guilty as to Count One of the Indictment (Cr. Doc. #1) for being a convicted felon in possession of ammunition. The plea was accepted and defendant was adjudicated guilty. (Cr. Doc. #41.) On September 20, 2007, the government filed a Motion for a Departure Pursuant to 5K1.1 of the Sentencing Guidelines and 18 U.S.C. § 3553(e) (Cr. Doc. #48) requesting a four level downward departure from the applicable offense level. At sentencing on September 24, 2007, the Court granted the four levels and entered Judgment convicting and sentencing defendant to 120 months of imprisonment and a 60 month term of supervised release. (Cr. Docs. #53, #54.) Petitioner did not file a direct appeal or seek collateral relief within a year of the judgment becoming final, 28 U.S.C. § 2255(f)(1).

On April 18, 2016, in Welch v. United States, 136 S. Ct. 1257 (2016), the United States Supreme Court determined that the residual clause of the ACCA was unconstitutionally vague, and that Johnson v. United States, 135 S. Ct. 2551 (2015) announced a substantive rule that applied retroactively on collateral review. Petitioner timely seeks collateral relief within one year of this

---

[1] The Court will also dismiss petitioner's 28 U.S.C. § 2241 petition in 2:15-cv-168-FTM-29MRM by separate order.

new right being recognized by the Supreme Court and made retroactively applicable, 28 U.S.C. § 2255(f)(3), and the government has waived any issues of procedural default because petitioner is entitled to relief.  The government also concedes that petitioner no longer qualifies for the Armed Career Criminal Act (ACCA) enhancement.  Nonetheless, the government argues that the significant departure from the applicable guideline range at the time now operates to preclude a lower sentence because petitioner's sentence is at the now 10 year maximum sentence.  The government does concede to an error in the imposed 60 month term of supervised release.

At sentencing, after considering factual objections and adopting the application of guidelines as set forth in the Presentence Report, petitioner's Total Offense Level was determined to be 30, and his Criminal History Category was a Category VI.  This resulted in a range of imprisonment of 180 to 210 months, and a range of supervised release of 3 to 5 years.  (Cr. Doc. #58, p. 15.)  At sentencing, the government described the extensive assistance provided, and counsel for defendant set forth the consequences of the assistance.  (Id., pp. 16-17, 18-20.)  Having heard from counsel, the Court granted the motion for the full four levels, and reduced petitioner's Total Offense Level by four levels to a 26.  Remaining at a Criminal History Category VI, the resulting guideline range became 120 to 150 months of

imprisonment.  The Court noted, "[b]ut for your substantial assistance, you'd be looking at a mandatory 15." (Id., p. 33.) After considering all the statutory factors, the Court imposed a sentence of 120 months and a term of 5 years on supervised release.

Petitioner's Total Offense Level, before applying the ACCA enhancement was a 21[2], which is considerably lower than the Total Offense Level of 33 that was applied to petitioner.  After accounting for acceptance of responsibility, petitioner's Enhanced Offense Level of 30 became the starting point for the Court when applying the substantial assistance motion.  Because petitioner's sentence increased under the unconstitutional application of the ACCA enhancement from a sentence of a maximum of 10 years to a minimum of 15 years, 18 U.S.C. 924(e)(1), and the Court did not apply the four level downward departure from the correct Total Offense Level[3], the Court finds that petitioner is entitled to a full re-sentencing.  The Court will vacate the underlying criminal judgment and appoint Lee Hollander to represent petitioner for the re-sentencing.[4]

---

[2] This would have resulted in a guideline range of 77 to 96 months of imprisonment.  U.S. Sentencing Guidelines Manual, Ch. 5, Pt. A (Sept. 2007).

[3] Although the government is correct that the petitioner's current term of imprisonment falls within the 10 year statutory maximum sentence, it essentially deprives petitioner of the downward departure.

[4] Attorney Lee Hollander was appointed and currently represents

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #61) is **GRANTED**.

2. The deadlines in the July 13, 2016 Order (Cv. Doc. #11) are **moot.**

3. The Judgment in a Criminal Case (Cr. Doc. #53) is **vacated.**

4. The Clerk shall appoint Lee Hollander to represent defendant for purposes of a full re-sentencing, and provide a copy of this Order to Mr. Hollander.

5. The United States Marshal's Office shall facilitate and effectuate the transportation of defendant for re-sentencing. Defendant shall be available in Fort Myers **on or before October 21, 2016**. The United States Probation Office shall issue a <u>new</u> Presentence Report and distribute copies of the Presentence Investigation Report to appointed counsel, the Office of the United States Attorney, and defendant **on or before October 14, 2016**.

---

petitioner in <u>United States v. Faircloth</u>, 2:14-cr-76-FTM-38MRM, and that case is set for sentencing on August 15, 2016. The Court finds that appointing the same counsel for both cases is in petitioner's best interest.

6.   The parties shall appear for a full re-sentencing before the undersigned on**, Monday, October 31, 2016, at 2:30 p.m.**, Courtroom A, Sixth Floor, Fort Myers, Florida.  A separate notice will issue.

7.   The Clerk of the Court shall enter judgment in favor of petitioner and close the civil file.  The Clerk is further directed to place a copy of the civil Judgment in the criminal file and to make a notation that the criminal Judgment has been vacated.

**DONE and ORDERED** at Fort Myers, Florida, this ___15th___ day of July, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Sheri Polster Chappell
Petitioner
AUSA